UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIONTE REVELS, CONTRELL SHUMATE, JR. and, THOMAS ALVIN GLOVER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FORSAGE, INC. and VADIM SAUCA, <br><br> Defendants. | Case No. 1:24-cv-00931 |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.      INTRODUCTION**

1.      This is an action brought on behalf of current and former delivery drivers challenging Defendant Forsage, Inc.'s ("Forsage") unlawful practice of misclassifying its drivers as independent contractors and thereby violating the Illinois Wage Payment and Collection Act ("IWPCA"),, 820 Ill. Comp. Stat. 115/1 *et seq.*. (cite) Plaintiffs Dionte Revels, Contrell Shumate, Jr., and Thomas Alvin Glover ("Plaintiffs") challenge Forsage's unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Forsage. Plaintiffs also contend that, as a result of the deductions and expenses they and other drivers were forced to incur, there were weeks in which the delivery drivers' pay fell below the Illinois and federal minimum wage. Plaintiffs contend that, although they and other delivery drivers were classified by Forsage as independent contractors, they were, in fact, employees of Forsage. Plaintiffs also contend that

Defendant Vadim Sauca is individually liable by virtue of his role within Forsage, creating and overseeing Forsage's unlawful classification and compensation practices.

2. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Defendants to provide delivery services for Forsage between February 1, 2014 and the present. Plaintiffs allege that, as a result of Forsage's policies, illegal deductions were made from their and other delivery drivers' wages in violation of the IWPCA, 820 Ill. Comp. Stat. 115/9. Plaintiffs also allege that Forsage unlawfully required them and others similarly situated to incur expenses that should have properly been borne by Forsage in violation of 820 Ill. Comp. Stat. 115/9.5.

3. Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have provided delivery services for Forsage between February 1, 2021 and the present. Plaintiffs allege that, as a result of Forsage's policies, and the deductions made from Plaintiffs' and other delivery drivers' pay, they were not paid minimum wage for all hours worked, and were not paid at the rate of time-and-a-half for hours worked in excess of 40 a week, in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

4. Plaintiffs also bring this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Forsage between February 1, 2021 and the present. Plaintiffs allege that, as a result of Forsage's policies, and the deductions made from Plaintiffs' and other delivery drivers' pay, Plaintiffs and other delivery drivers received less than the minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

5. Plaintiffs also allege that, as a result of its unlawful wage practices, Forsage was unjustly enriched.

## II. THE PARTIES

4. Plaintiff Dionte Revels is an adult resident of Illinois. Plaintiff Revels worked for Forsage in Illinois as a truck driver between approximately July 2023 and December 2023. During this time, Plaintiff Revels was classified as an independent contractor.

5. Plaintiff Contrell Shumate, Jr. was, during all times at which he worked for Forsage, an adult resident of Illinois. Plaintiff Shumate worked for Forsage in Illinois as a truck driver between approximately January 2023 and June 2023. During this time, Plaintiff Shumate was classified as an independent contractor.

6. Plaintiff Thomas Alvin Glover is an adult resident of Michigan. Plaintiff Glover worked for Forsage in Illinois as a truck driver between approximately 2020 and 2023. During this time, Plaintiff Glover was classified as an independent contractor.

7. Defendant Forsage is an Illinois corporation headquartered in Channahon, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

8. According to Defendant Forsage's website, Forsage "offers top pay and a superior driving experience" and prominently advertises job openings for delivery drivers ("Become a truck driver, earn a good income and enjoy the freedom of the open road. Join the FORSAGE team today!").[1] Defendant Daniel Georgievski ("Georgievski") is an Illinois resident and is the Manager of Forsage. In this capacity, Georgievski possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

## III. JURISDICTION AND VENUE

9. The Court has personal jurisdiction over Plaintiffs and the class they seek to

---

[1] www.forsagelogistics.com (last visited January 24, 2024).

3

represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

10. The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

11. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

13. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

**IV.  STATEMENT OF FACTS**

14. Plaintiffs were hired by Forsage to perform deliveries in Illinois and across the United States.

15. Plaintiffs were required to sign independent contractor agreements with Forsage.

16. Plaintiffs drove trucks and trailers which were owned by Forsage, and which had had Forsage insignia on them.

17. Plaintiffs worked for Forsage full time, routinely working 70 hours a week. Plaintiffs did not work anywhere else while working for Forsage.

18. Plaintiffs and other delivery drivers were required to regularly check in with Forsage dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

19. Plaintiffs and other delivery drivers were also required to comply with Forsage's

4

strict time constraints for deliveries and other instructions and were required to regularly report to Forsage staff and Forsage's office in Illinois.

20. Plaintiffs were paid on a percentage-of-the-load basis for the deliveries they made.

21. Throughout the course of Plaintiffs' employment, Forsage made deductions from his pay for items including insurance, escrow, truck cleaning, maintenance and repairs, which often came to thousands of dollars per week. Plaintiffs did not authorize these deductions.

22. In addition to the amounts that were unlawfully deducted from Plaintiffs' pay, Forsage failed to reimburse Plaintiffs' out-of-pocket expenses he incurred in order to perform his duties, including travel costs, cell phone payments, and various maintenance items.

23. Finally, Plaintiffs' take-home pay was significantly below minimum wage in a number of the weeks during which Plaintiffs worked for Forsage. The deductions and out-of-pocket expenses which Plaintiffs were forced to incur directly contributed to bring their pay below minimum wage.

24. For example, there was at least one week in which Plaintiff Revels worked approximately 70 hours for Forsage, driving hundreds of miles, but, after deductions, was only paid approximately $69.

25. Although Forsage classified Plaintiffs and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Forsage demonstrates that they were employees of Forsage.

26. Plaintiffs and other class members were required to pick up trucks and trailers from Forsage's Yard in Illinois. Additionally, all repairs of equipment provided by Forsage had to be conducted at Forsage's yard in Illinois.

27. Plaintiffs and other class members were hired by Forsage in Illinois at Forsage's office, were required to pick up and deliver freight for Forsage in Illinois, and received directions

5

regarding their deliveries from Forsage dispatchers and management team in Illinois.

28. Forsage controlled every aspect of their drivers', including Plaintiffs', work. Such control included, but was not limited to the following:

A. Forsage required Plaintiffs and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

B. Plaintiff and other delivery drivers were required to report to Forsage's facilities regularly. For example, Plaintiffs and other drivers were regularly required to come to Forsage's office and yard to have their equipment serviced.

C. The trucks and trailers Plaintiffs and class members drove bore Forsage insignia and markings, and were registered under Forsage's DOT number.

D. Plaintiffs, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Forsage to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. Forsage instructed Plaintiffs and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Forsage dictated the time by which each delivery must be made. Forsage's dispatchers and supervisors also communicated with Plaintiffs and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiffs and other similarly situated drivers had GPS devices on their

vehicles, which allowed Forsage to track the drivers throughout the day.

G. Forsage subjected drivers, including Plaintiffs, to a variety of deductions, including, but not limited to, deductions for insurance, escrow, truck cleaning, maintenance and repairs.

H. If Plaintiffs or other similarly situated drivers wished to take time off, they were required to give timely advance notice to Forsage, with the Plaintiffs and other similarly situated drivers disciplined or terminated for failure to provide such notice.

29. Plaintiffs and other delivery drivers performed work which is in the usual course of business of Forsage — *i.e.* they were truck drivers who performed delivery services and Forsage is engaged in business of providing trucking delivery services to their customers.

30. Forsage required Plaintiffs and putative class members to submit all bills of lading, logbooks, and other required paperwork to Forsage's office in Illinois.

31. At no time during their employment were Plaintiffs and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Forsage and could not and did not negotiate any matters or bargains with any customers or brokers.

32. Plaintiffs and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Forsage's common scheme of misclassification and applications of unlawful deductions, were similarly denied compensation in violation of the IWPCA, the IMWL and the FLSA.

**V.     CLASS ALLEGATIONS**

33.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I and II):

> all persons who contracted to provide trucking delivery services for Forsage as delivery drivers in Illinois, and who personally provided trucking delivery services to Forsage, who have either been classified as independent contractors or have not been paid or treated as employees between February 1, 2014 and the present.

34.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IMWL Class (Count III):

> all persons who contracted to provide trucking delivery services for Forsage as delivery drivers in Illinois, and who personally provided trucking delivery services to Forsage, who have either been classified as independent contractors or have not been paid or treated as employees between February 1, 2021 and the present.

35.     The members of the class are so numerous that joinder of all members is impracticable. Plaintiffs believe that the Class numbers exceed forty (40) members.

36.     Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that Forsage misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

37.     The named Plaintiffs are adequate representatives of the class because all class members were subject to Forsage's uniform practices and policies. Further, Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of Forsage's practices and policies.

38.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class

8

and collective actions.

39. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

**VI.  COLLECTIVE ALLEGATIONS**

40. Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Forsage during the past three years who may choose to opt-in to this case.

41. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Forsage did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

**Count I**
**Illinois Wage Payment and Collection Act**
**(Unlawful Deductions)**

42. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

43. At all relevant times, Plaintiffs and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

44. At all relevant times, Defendants were employers of Plaintiffs and proposed class members as defined by the IWPCA.

45. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

46. Forsage violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and class members' wages.

47. Daniel Georgievski violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Forsage to make unlawful deductions from Plaintiffs' and the proposed class members' wages.

48. Plaintiffs seek reimbursement for all unlawful deductions taken by Forsage from their and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act**
**(Expenses)**

49. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

50. At all relevant times, Plaintiffs and the proposed class members were "employees" of Defendants as defined by the IWPCA.

51. At all relevant times, Defendants were employers of Plaintiffs and the proposed class as defined by the IWPCA.

52. Forsage violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiffs and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

53. Daniel Georgievski violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for Forsage that should have been borne by Defendants.

54. Plaintiffs seek reimbursement for all unlawful expenses they and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Violation of Illinois Minimum Wage Law**
**(Minimum Wage)**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

57. During all relevant times, Forsage was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

58. During all relevant times, Plaintiffs and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

59. As a result of the deductions it took from Plaintiffs' and class members' pay, Forsage failed pay Plaintiff and the class members minimum wage for all hours worked, as required by 820 ILCS 105/4a.

60. Pursuant to 820 ILCS 105/12, Forsage is liable to Plaintiffs and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the

amount of any such underpayments for each month following the date of payment during which the unpaid overtime wages remain unpaid.

### Count IV
### Fair Labor Standards Act
### (Minimum Wage)

61. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

62. Forsage regularly failed to pay Plaintiffs and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

63. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiffs and the members of the putative collective minimum wage for all hours worked.

64. However, due to the improper deductions Defendants made from Plaintiffs' and FLSA collective members' pay, as well as the out-of-pocket expenses they were forced to pay directly, the wages of Plaintiffs and the members of the FLSA Collective regularly fell below the minimum wage.

65. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiffs and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

66. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### Count V
### Unjust Enrichment
### (In the alternative to Counts I and II)

67. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

Complaint as if fully rewritten herein.

68. As a result of Forsage's mischaracterizing of Plaintiffs and the proposed class as "independent contractors," Plaintiffs and members of the proposed class were forced to pay substantial sums of money for work-related expenses, including but not limited to costs associated with operating and maintaining the trucks they drove.

69. Further, by mischaracterizing Plaintiffs and the proposed class as "independent contractors" Forsage evaded employment-related obligations, specifically workers' compensation coverage. Forsage illegally shifted these costs to Plaintiffs and class members.

70. By wrongly characterizing Plaintiffs and class members as "independent contractors," Forsage is able to save significant sums of money that it otherwise would be forced to expend on workers' compensation insurance.

71. By misclassifying its employees as "independent contractors," and by requiring those employees to pay their expenses, Forsage has been unjustly enriched.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. Appointing Plaintiffs Dionte Revels, and Contrell Shumate, and Charles Alvin Glover as class representatives and their counsel as class counsel;

3. An order enjoining Defendants from violating the IWPCA, IMWL, and FLSA;

4. All unpaid wages;

5. Restitution for all deductions taken from Plaintiffs' and class members' wages;

6. Restitution for all Forsage's operating expenses that Plaintiffs and class members were forced to bear

7. Prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

8. Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

9. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

10. Payment of all wages due to Plaintiffs and members of the collective;

11. Liquidated damages under the FLSA;

12. Attorney's fees and costs;

13. Any other relief to which Plaintiff and the Class/Collective members may be entitled.

DATED: February 1, 2024

Respectfully Submitted,

DIONTE REVELS, CONTRELL SHUMATE, and THOMAS ALVIN GLOVER, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com