IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTRELL SHUMATE, JR., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FORSAGE, INC. and VADIM SAUCA, ) <br> ) <br> Defendants. ) | Case No. 24 C 931 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  Contrell Shumate Jr., joined by several others (collectively, Shumate), has sued Forsage, Inc. and its owner Vadim Sauca. Shumate alleges that the plaintiffs, who reside in various states, worked for Forsage as truck drivers. Forsage is located in Illinois. It classified the drivers as independent contractors. According to Shumate, the drivers drove trucks owned by Forsage and bearing its insignia and picked them up and dropped them off at Forsage's yard. They were told by Forsage-employed dispatchers which loads to haul and where to pick them up and drop them off, had to comply with Forsage-set time constraints for deliveries, and regularly had to report to Forsage staff. The trucks had GPS devices that allowed Forsage to track them. They regularly drove as much as 70 hours per week. If they wanted time off, they had to give advance notice to Forsage or face discipline or termination.

  Shumate alleges that Forsage paid drivers on a percentage-of-the-load basis. It made deductions from their pay for insurance, truck cleaning, maintenance, and repairs,

which sometimes cost thousands of dollars weekly. It did not reimburse the drivers for out-of-pocket expenses they incurred while driving. According to Shumate, the drivers effectively were paid less than the minimum wage.

Shumate alleges that the drivers were employees of Forsage and were misclassified as independent contractors. They assert claims for violation of the Fair Labor Standards Act and under state law.

Shumate has moved for conditional certification under 29 U.S.C. § 216(b).

If an employer fails to pay the minimum wage to its employees, the FLSA allows a single employee to bring a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). Conditional certification under the FLSA is distinct from certification under Rule 23 because potential class members in a collective action "must opt into the suit to be bound by the judgment or settlement in it, while in a class action governed by Rule 23(b)(3) (a class action seeking damages) they must opt out not to be bound." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771 (7th Cir. 2013). Still, district courts have "wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010).

The Seventh Circuit has not endorsed a specific test for district courts to use when deciding whether to authorize conditional certification under section 216(b). Courts in this district, however, typically use a two-stage certification process—an approach the Seventh Circuit has acknowledged, without indicating approval or disapproval, in *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 n.5 (7th Cir. 2020). *See also, e.g., Brand v. Comcast Corp.*, No. 12 C 1122, 2012 WL 4482124, at *3 n.3 (N.D. Ill. Sept. 26, 2012) (collecting cases from this district). At the first stage, the Court primarily is determining whether notice of the pendency of the case should be sent to those similarly situated to the plaintiff. That is where the case is at this point. At the first stage, "the court applies a lenient standard, requiring the putative lead plaintiff to make a 'minimal showing' that other employees are similarly situated." *Dawkins v. NR 1 Transp., Inc.*, No. 20 C 4063, 2021 WL 4125086, at *10 (N.D. Ill. Sept. 8, 2021) (quoting *DeMarco v. Nw. Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510905, at *1 (N.D. Ill. Aug. 10, 2011)). The second stage takes place after discovery and completion of the opt-in process, at which point the court engages in a "more stringent 'fact-intensive inquiry' to determine 'the veracity of the allegations that all putative claimants are similarly situated.'" *Dawkins*, 2021 WL 4125086 at *10 (quoting *Persin v. CareerBuilder*, LLC, No. 05 C

>2347, 2005 WL 3159684, at *1 (N.D. Ill. Nov. 23, 2005)).
>
>At the current stage, the plaintiff need only satisfy the "modest factual showing" requirement of step one. Doing so generally requires more than allegations in the complaint—the plaintiff typically must provide factual support like "affidavits, declarations, deposition testimony, or other documents." *Dawkins*, 2021 WL 4125086, at *10; *accord Anyere v. Wells Fargo Co.*, No. 09 C 2769, 2010 WL 1542180 (N.D. Ill. Apr. 12, 2010). The requirement for stage-one conditional certification is met if the plaintiffs show that they and the other "potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quoting *Anyere*, 2010 WL 1542180, at *1).

*Rivers v. Southway Carriers, Inc.*, No. 23 C 738, 2024 WL 579734, at *9-10 (N.D. Ill. Feb. 13, 2024).

Shumate has made the necessary showing. Specifically, there are affidavits from three Forsage drivers: Shumate, Jienns Waymers, and Duvanne Bailey. All of these reflect that as drivers for Forsage, they were subjected to common policies and practices regarding pay, deductions from their pay, and work requirements and conditions. *See* Pls.' Mot. for Conditional Certif., Exs. D-F. These drivers also state that they spoke with other drivers who indicated they were subjected to similar conditions. This provides a sufficient basis for an inference that there were common policies and practices that arguably violated the FLSA and that drivers who were classified as independent contractors by Forsage are similarly situated.

The Court has reviewed the proposed notice prepared by plaintiffs to send to other Forsage drivers during the relevant period (which is three years, given the plausible allegation of intentional violation of the FLSA). It is sufficient, and the Court approves it.

## Conclusion

The Court grants plaintiffs' motion for conditional certification [37] and authorizes

plaintiffs to issue notice of this action to all delivery drivers who worked for Forsage in the United States during the past three years and were classified as independent contractors. Finally, the Court directs defendants to produce, by March 24, 2025, the names, last known mailing and e-mail addresses, and telephone numbers for all such drivers. The Court also approves plaintiffs' proposed notice. The parties should be prepared to address scheduling at tomorrow's telephonic status hearing.

Date: March 9, 2025

                                                                                                                         _____
                                                                                                                         MATTHEW F. KENNELLY
                                                                                                                       United States District Judge