UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIONTE REVELS, CONTRELL SHUMATE, JR., THOMAS ALVIN GLOVER, and CHARLES LATHAM, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>FORSAGE, INC. and VADIM SAUCA, <br><br>Defendants. | Case No. 1:24-cv-00931 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Opt-in Plaintiffs Adrian McLemore, Anna Gavin, Arthur Wesley, Duvanne Bailey, Emmia Dudley, Gary Jackson, Gerald Holden, Jienns Waymers, William DesRosier, and Juniata Bey ("Opt-in Plaintiffs") and Defendants Forsage, Inc. and Vadim Sauca (collectively, "Defendants") respectfully submit the following Joint Motion for Approval of Settlement Agreement. In support of this Motion, the Parties state as follows:

### Introduction

1. The Parties respectfully move this Court to approve the proposed settlement reached by the Parties and memorialized in their Settlement Agreement (the "Settlement Agreement" or "Settlement").

2. The Parties submit that the proposed Settlement is fair and reasonable. The Settlement was achieved during arms-length negotiations between the Parties, conducted by experienced counsel, after contested litigation.

3. The Settlement achieves both sides' primary objectives. For Opt-in Plaintiffs, the Settlement ensures Opt-in Plaintiffs will be paid promptly, and in full, for wages they allege are due to them under the Illinois Wage Payment and Collection Act ("IWPCA"), the Illinois Minimum Wage Law ("IMWL"), and the federal Fair Labor Standards Act ("FLSA"). For Defendants, the Settlement ensures finality and offers Defendants the ability to resolve these claims without the burden and expense of litigation, and without an admission of liability or wrongdoing.

4. This Settlement is limited to the claims of the Opt-in Plaintiffs and does not affect any claim of any person other than the Opt-in Plaintiffs in this case.

## THE LAWSUIT

5. On February 1, 2024, Plaintiffs commenced the above-captioned action ("Lawsuit"). Plaintiffs alleged that, as a result of Defendants' misclassification, they and other similarly situated drivers were not paid minimum wage as required by the Fair Labor Standards Act ("FLSA), 29 U.S.C. §201 *et seq* and the Illinois Minimum Wage Law ("IMWL"), ILCS 105/4. Dkt. 1. Plaintiffs also alleged that Defendants took unlawful deductions from their pay in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9 and required them and other similarly situated drivers to bear business expenses in violation of 820 Ill. Comp. Stat. 115/9.5. Id..

6. Plaintiffs filed an Amended Complaint, adding additional named plaintiffs (Dkt. 19). A number of individuals subsequently opted into the case; and Defendants obtained releases from several Plaintiffs and opt-ins, identified in Exhibit 1 hereto. The remaining individuals who joined this case but did not sign a release - opt-ins Adrian McLemore, Anna Gavin, Arthur Wesley, Duvanne Bailey, Emmia Dudley, Gary Jackson, Gerald Holden, Jienns Waymers, William DesRosier, and Juniata Bey - are parties to this Settlement Agreement.

7. Defendants ultimately filed an Answer on July 1, 2024, denying all liability and asserting a variety of defenses. Dkt. 35.

4. Plaintiffs filed a Motion for Conditional Certification, which was granted by the Court on March 9, 2025. Dkt. 80.

8. During the period between March 2025 and May 2025, the Parties' respective counsel engaged in informal settlement negotiations, and, after several weeks of discussion, reached an agreement in principle to compromise and settle all claims that were or could have been asserted by Opt-in Plaintiffs against Defendants, including but not limited to, the allegations in the Lawsuit, and as set forth herein.

9. Opt-in Plaintiffs have agreed to settle this case on the terms and conditions set forth herein in recognition that the outcome of the case is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

10. The Parties acknowledge that, should this case proceed, many *bona fide* disputes over legal and factual issues will have to be litigated, the ultimate resolution of which will substantially impact the outcome of these matters.

## THE SETTLEMENT

11. The proposed Settlement eliminates the time, cost, and uncertainty that would be occasioned by further litigation of the issues.

12. If approved by the Court, the Gross Settlement Amount of $45,000.00 will compensate Opt-in Plaintiffs for all of their allegedly withheld (though disputed) wages, and all other claims for damages, attorneys' fees, statutory penalties, and other relief.

13. Plaintiff's Counsel relied on records provided by Defendants for purposes of settlement to create a damages model for the Opt-ins. Plaintiffs' Counsel calculate that the Gross Settlement compensates opt-in Plaintiffs 100% of the allegedly owed unpaid escrow and deductions made by Forsage from their pay, and also awards the Opt-ins $34.24 for each week of employment for any alleged minimum wage violations -which represents approximately 2.28

hours per week of unpaid minimum wage compensation calculated based on the Illinois Minimum Wage Rate of $15.00 per hour.

## THE PROPRIETY OF APPROVAL

14. It is customary in the Seventh Circuit for parties to request court approval of settlements to ensure a valid and enforceable release of an FLSA claim. *See*, *e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor,* 679 F.2d 1350, 1352–53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). However, it is less clear under Illinois law whether releases under the Wage Act also require court approval. *See id.* at 6–7; *Lewis v. Giordano's Enterprises, Inc.*, 397 Ill. App. 3d 581, 593 (1st Dist. 2009); *see also* Wage Act, § 9 ("The acceptance by an employee of a disputed paycheck shall not constitute a release as to the balance of his claim and any release or restrictive endorsement required by an employer as a condition to payment shall be a violation of this Act and shall be void*.*"). However, courts review the reasonableness of settlements under both the FLSA and the Wage Act using a similar analysis. *See Lewis*, 397 Ill.App.3d. at 593. In this case, the FLSA claims which are subject to court approval represent a very small portion of the overall settlement, and are subsumed by Opt-in Plaintiffs' claims under the IMWL and IWPCA.

15. When reviewing a proposed settlement releasing claims of unpaid wages, the district court should review the settlement and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353, 1355. If a settlement reflects a reasonable compromise over issues, such as statutory coverage or computation of wages that are actually in dispute, the court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

16. This litigation involves a series of hotly disputed factual and legal issues, which would result in lengthy and complex litigation absent the Settlement. Among other issues, the parties disagree whether Opt-in Plaintiffs were properly classified as independent contractors; and whether and to what extent Defendants made improper deductions from Opt-in Plaintiffs' pay and/or improperly failed to reimburse them for business expenses.

17. The resolution of any one of these issues could affect the Opt-in Plaintiffs' potential recovery dramatically, and they may not recover at all. However, resolving these factual and legal issues could only be accomplished after costly and burdensome discovery and litigation. And, at the end of the day, both sides would face a greater degree of risk than they are currently willing to accept.

18. Moreover, in light of the Defendants' precarious financial condition, as evidenced by documents provided by Defendants' Counsel to Plaintiffs' Counsel, continued litigation presents a very real risk that Defendants would file for bankruptcy and/or that Forsage would ceaseoperations, resulting in a significantly reduced recovery, or no recovery at all, for the Opt-in Plaintiffs.

19. In light of these realities, the Parties believe that the Settlement is the best way to resolve the disputes between them, and, given the contested nature of the underlying litigation, the Court should likewise conclude that the Settlement is fair. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indicia of fairness); *Roberts v. Apple Sauce, Inc.*, No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate

6

recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'") (internal citations omitted).

20. Furthermore, in reviewing the record and evaluating the strength of the case to determine whether a proposed settlement is "a fair and reasonable resolution of a *bona fide* dispute," *Lynn's Food Stores, Inc.*, 679 F.3 d at 1355, courts consider the following non-exclusive factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiff[s] to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, 2011 WL 4729789, at *9, n.9 (N.D. Ill. Oct. 6, 2011). In this instance, the Settlement meets all applicable factors considered by courts, rendering it fair and reasonable.

21. As an initial matter, the Settlement appropriately factors in the complexity, risk, expense, likely duration of the litigation, and the range of reasonableness of the settlement in light of the best possible recovery. Moreover, the Settlement is not the product of fraud or collusion. Instead, the Settlement was reached in an adversarial proceeding through extensive arm's length negotiations between capable attorneys who have extensive experience litigating employment law claims. Counsel for the Parties were familiar with the facts and legal issues when settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable.

22. The Settlement guarantees the Opt-in Plaintiffs will receive a monetary settlement in the near future, instead of hoping for a possible judgment at an unknown future date after the Parties engage in discovery, briefing on motions for summary judgment, and a trial. Furthermore, the Parties recognize that the issues in this case lend themselves to grounds for appeal of any final decision, regardless of the prevailing party, and have taken the likelihood of an appeal into account in considering the merits of the potential Settlement. The Settlement Agreement thus allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

23. In sum, the Parties are satisfied and jointly represent to the Court that the Settlement Agreement fairly resolves the dispute between them in the instant action. The Parties stipulate to the dismissal with prejudice of the instant action upon Court approval. Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute. A draft approval order has been submitted contemporaneous with the filing of this motion

## **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement as fair and reasonable, and dismiss the matter with prejudice.

| | |
|---|---|
| Dated: June 4, 2025 | /s/Olena Savytska_____ |
| | |
| | Harold L. Lichten |
| | Olena Savytska |
| | Lichten & Liss-Riordan, P.C. |
| | 729 Boylston Street, Ste. 2000 |
| | Boston, MA 02116 |
| | Tel. (617) 994-5800 |
| | Fax (617) 994-5801 |
| | hlichten@llrlaw.com |
| | osavytska@llrlaw.com |
| | |
| | Bradley Manewith |
| | Lichten & Liss-Riordan, P.C. |
| | 5 Revere Drive, Suite 200 |
| | Northbrook, IL 60062 |
| | Tel. (617) 994-5800 |
| | Fax (617) 994-5801 |
| | bmanewith@llrlaw.com |
| | |
| | Martin Stainthorp |
| | Patrick Cowlin |
| | John Kunze |
| | Workplace Law Partners, P.C. |
| | 111 E. Wacker Drive, Suite 2300 |
| | Chicago, IL 60601 |
| | (302) 861-1800 |
| | mstainthorp@fishlawfirm.com |
| | pcowlin@fishlawfirm.com |
| | kunze@fishlawfirm.com |
| | |
| | *Attorneys for Opt-in Plaintiffs* |

Dated: June 4, 2025            */s/Serge Petukh* (with permission)

Timothy J. Young (ARDC No. 6192231)
Serge S. Petukh (ARDC No. 6338370)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300, Chicago, IL 60661
P: (312) 345-1718
F: (312) 345-1778
Tim.Young@lewisbrisbois.com
Serge.Petukh@lewisbrisbois.com

*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on June 4, 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Olena Savytska*
Olena Savytska