**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIONTE REVELS, CONTRELL SHUMATE, JR., THOMAS ALVIN GLOVER, and CHARLES LATHAM, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FORSAGE, INC. and VADIM SAUCA, <br><br> Defendants. | Case No. 1:24-cv-00931 |

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

This Settlement Agreement and Mutual General Release ("Settlement Agreement," "Settlement," or "Agreement") is entered into between: (a) Opt-in Plaintiffs Adrian McLemore, Anna Gavin, Arthur Wesley, Duvanne Bailey, Emmia Dudley, Gary Jackson, Gerald Holden, Jienns Waymers, William DesRosier, and Juniata Bey ("Opt-in Plaintiffs"); and (b) Defendants Forsage, Inc. and Vadim Sauca (collectively, "Defendants") (all parties to the Settlement, collectively, the "Parties" or individually, a "Party").

I.     **FACTUAL BACKGROUND AND RECITALS**

1. On February 1, 2024, Plaintiffs commenced the above-captioned action ("Lawsuit"). Plaintiffs alleged that, as a result of Defendants' misclassification, they and other similarly situated drivers were not paid minimum wage as required by the Fair Labor Standards Act ("FLSA), 29 U.S.C. §201 *et seq* and the Illinois Minimum Wage Law ("IMWL"), ILCS 105/4. Dkt. 1. Plaintiffs also alleged that Defendants took unlawful deductions from their pay in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9 and required them and other similarly situated drivers to bear business expenses in violation of 820 Ill. Comp. Stat. 115/9.5. Id..

2. Plaintiffs filed an Amended Complaint, adding additional named plaintiffs (Dkt. 19). A number of individuals subsequently opted into the case; and Defendants obtained releases from several Plaintiffs and opt-ins, identified in Exhibit 1 hereto. The remaining individuals who joined this case but did not sign a release - opt-ins Adrian McLemore, Anna Gavin, Arthur Wesley, Duvanne Bailey, Emmia Dudley, Gary Jackson, Gerald Holden, Jienns Waymers, William DesRosier, and Juniata Bey - are parties to this Settlement Agreement.

3. Defendants ultimately filed an Answer on July 1, 2024, denying all liability and asserting a variety of defenses. Dkt. 35.

4. Plaintiffs filed a Motion for Conditional Certification, which was granted by the Court on March 9, 2025. Dkt. 80.

4. During the period between March 2025 and May 2025, the Parties' respective counsel engaged in informal settlement negotiations, and, after several weeks of discussion, reached an agreement in principle to compromise and settle all claims that were or could have been asserted by Opt-in Plaintiffs against Defendants, including but not limited to, the allegations in the Lawsuit, and as set forth herein.

5. Opt-in Plaintiffs have agreed to settle this case on the terms and conditions set forth herein in recognition that the outcome of the case is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

6. Defendants deny and continue to deny each and every allegation and all charges of wrongdoing or liability of any kind related to the claims and contentions asserted by Opt-in Plaintiffs in the Lawsuit. Defendants further deny any implication in the Lawsuit that Defendant Vadim Sauca could be held individually liable under any applicable law. Despite Defendants' belief that they are not liable for and have complete defenses to the claims alleged in the Lawsuit, Defendants desire to settle the case and thus avoid the attorneys' fees, costs, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally resolved in this Settlement Agreement. Neither this Settlement Agreement, nor any settlement negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability of Defendants.

7. Opt-in Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts and have diligently investigated the Opt-in Plaintiffs' claims. Based on their own investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of Opt-in Plaintiffs in light of all known facts and circumstances.

8. The Parties recognize that the Court's approval of this Settlement Agreement is required to effectuate it. The Parties agree that the Settlement Agreement will not become operative or effective until the Court grants its approval of it and the Effective Date (as defined below) occurs.

9. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge by each Party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that the Opt-in Plaintiffs' claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, that all class claims, fixed or contingent, accrued or unaccrued, will be dismissed with prejudice, and that Opt-in Plaintiffs' Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Defendants and Releasees (as defined below), in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**II.    FURTHER DEFINITIONS**

The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

   a. "Approval" or "Approval Order" means the Court's Order approving the Settlement and entering judgment, without modification or change to any

4

material term herein.

b. "Attorneys' Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Plaintiffs' Counsel for the services they rendered to Plaintiffs and opt-ins in connection with this case and the claims alleged in this Complaint.

c. "Plaintiffs' Counsel" means Lichten & Liss-Riordan, P.C.. and Workplace Law Partners.

d. "Court" means the United States District Court for the Northern District of Illinois.

e. "Defendants' Counsel" means Lewis Brisbois Bisgaard & Smith, LLP.

f. "Effective Date" means 7 business days after the Court's Approval Order.

g. "Gross Settlement Amount" means the sum of Forty-Five Thousand Dollars ($45,000.00), to be paid in two installments: $15,000.00 on the Effective Date; and $30,000.00 six months thereafter.

h. "Net Settlement Amount" means the Gross Settlement Amount less Plaintiff's Counsel's attorneys' fees in the amount of 33% of the Gross Settlement Amount ($15,000.00).

i. The "Released Claims" are those released claims described in Section III, Paragraph 1 below.

j. "Releasees" means Defendants and their respective past and present parent companies, related companies, subsidiaries, divisions, affiliates, joint ventures, and all of their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, heirs, executors, administrators, general partners, limited partners, real or alleged alter egos or joint employers,

predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, incentive compensation plans, profit sharing, savings, health and welfare, and other employee benefit plans of any nature, the successors of any such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

### III. MUTUAL GENERAL RELEASES

1. In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs and opt-ins agree to release and discharge Defendants and Releasees finally, forever, and with prejudice, from all "Released Claims," defined as any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses, whether known or unknown, fixed or contingent, accrued or unaccrued against Defendants, and/or the Releasees that were or could have been asserted in the Lawsuit. The Released Claims that are released by virtue of this Agreement include, without limitation, all state and federal law claims for unpaid wages, unpaid overtime wages, untimely paid wages, claims relating to wage payment, claims related to wage-hour record-keeping, claims relating to unreimbursed business expenses, claims relating to deductions from wages, or other claims of any nature directly or indirectly concerning wages or deductions from wages, including any claims of retaliation and any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the IWPCA, the FLSA, any other federal law, the laws of the State of Illinois, the law of any other State, the law of any county, municipality, or other local jurisdiction, and/or any

common law theories of breach of contract, unjust enrichment, fraud or quantum meruit or any other common law theories of any kind or description.

2. Defendants agree to release the Opt-in Plaintiffs with regard to any and all claims relating to any contractual or employment relationship with any of the Defendants, including, but not limited to, any amounts due to Defendants as a result of a vehicle lease agreement, return of equipment or damage to equipment.

IV. **SETTLEMENT APPROVAL**

**Approval Order.** No later than seven (7) days after all Parties execute the Settlement Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and Release, requesting that the Court:

a. Approve the Settlement and its terms as fair, reasonable, and sufficient, and direct that the Lawsuit be dismissed with prejudice and in full and final discharge of any and all the Released Claims, but authorizing the Court to retain jurisdiction to enforce the terms of this Agreement; and

b. Direct that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement and that the Net Settlement Amount be distributed to the Plaintiffs and opt-ins by Plaintiffs' Counsel.

c. Direct that Plaintiffs' Counsel provide a completed W-9 form to Defendants' Counsel.

The Parties acknowledge and agree that the Approval Order by the Court is a condition precedent to the performance of any Party under this Settlement Agreement.

V.     **SETTLEMENT FUNDING AND AWARD ALLOCATION**

**Payments.** Within seven (7) business days following the Effective Date, Defendants shall make the first payment of $15,000.00 toward the Gross Settlement Amount to Plaintiffs' Counsel; Defendants shall make a second payment of $30,000.00 six months thereafter. Plaintiffs' Counsel shall distribute the payments to Plaintiff and attorneys for the Plaintiff as follows:

a. <u>Payment of Plaintiffs' Attorneys' Fees</u>. The amount of Fifteen Thousand Dollars ($15,000.00) will be paid as directed to Plaintiffs' Counsel and reported on IRS Form 1099.

b. <u>Payment to Opt-in Plaintiffs</u>. the Net Settlement Amount of $30,000.00 will be paid by check issued to Plaintiffs and opt-ins by Plaintiffs' Counsel, and will be reported on IRS Form 1099. Plaintiffs' Counsel shall disburse proceeds from the Net Settlement Fund within (7) business days of Plaintiffs' Counsel's receipt of each installment of the Gross Settlement Amount.

Opt-in Plaintiffs agree to pay all federal, state, and local taxes and any other legal obligations, if any, which are required by law to be paid by Opt-in Plaintiffs because of any amount they receive under this Settlement Agreement. Plaintiffs' Counsel and Defendants' Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any settlement funds paid to the Opt-in Plaintiffs and Opt-in Plaintiffs agree that no such advice was provided. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

VI.     **ADDITIONAL TERMS**

**Failure to Make Timely and Necessary Payments.** In the event that Defendants fail to make all timely payments set out in Section V above, the entire Gross Settlement Amount, or that portion remaining due, shall become due and payable in full 30 days after the payment is late, with an interest rate of 15%, per annum, accruing on any unpaid balance. Collateral for the payments set out in Section V includes a Consent Judgment by Forsage, Inc., Vadim Sauca and Anna Sauca to the second payment, to become effective 30 days after a default in Defendants' payment, to bear future interest of 15% thereafter, to be held in escrow; and a and a personal guarantee executed by Vadim Sauca and Anna Sauca for the Gross Settlement Amount. Defendants further agree to pay for all attorney fees incurred in the enforcement of this paragraph and the collection of payments contained herein.

**No Admission of Liability.** This Agreement and all related documents are not and shall not be construed as an admission by Defendants and the Releasees of any fault or liability or wrongdoing and shall not be used or relied upon for any purpose in any other legal actions or proceeding(s) involving any of the Defendants and/or the Releasees.

**Confidentiality and Non-Solicitation**. Opt-in plaintiffs and their counsel promise to keep the settlement information confidential and not to disclose it to other third parties, including current and former Forsage's drivers, except as required by law. Further, Opt-in plaintiffs covenant not to encourage other current or former drivers of Forsage to claim, sue, or join any claims or lawsuits against Releasees based on or relating to the same or similar grounds or claims or causes of action to the pending matter. In the event of breach, the prevailing party shall recover all its attorneys fees and costs from the other party associated with defending its interests.

**Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by Plaintiffs' Counsel/Defendants' Counsel for all Parties or their successors in interest.

**Effect of Non-Approval.** If the Court does not approve the Settlement or the Settlement does not reach the Effective Date for any reason, the Parties agree to engage in follow-up good faith negotiations with the intent of resolving any issues that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days.

**Authorization to Enter into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement.

**Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendants, individually and as to their executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any Party may merge, consolidate, or reorganize. Plaintiffs represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

**Entire Settlement Agreement.** This Agreement constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any of the Parties concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this Agreement.

**Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**Cooperation and Drafting**. The Parties have participated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. This Agreement shall not be held invalid by reason of any typographical error(s). The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**Governing Law**. All terms of this Settlement Agreement shall be governed by and interpreted according to Illinois law and under federal law where applicable.

**Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, including for purposes of overseeing settlement administration matters to the extent necessary, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

- - - **REMAINDER OF PAGE LEFT INTENTIONALLY BLANK** - - -

The undersigned duly executed this Agreement as of the date indicated below:

**Opt-in Plaintiff Adrian McLemore**

By:_____
      Adrian McLemore

Date:_____

**Opt-in Plaintiff Anna Gavin**

By:_____
      Anna Gavin

Date:_____

**Opt-in Plaintiff Arthur Wesley**

By:_____
      Arthur Wesley

Date:_____

**Opt-in Plaintiff Duvanne Bailey**

By:_____
      Duvanne Bailey

Date:_____

**Opt-in Plaintiff Emmia Dudley**

By: *Emmia Dudley*_____
      Emmia Dudley

Date: 05-20-2025_____

**Opt-in Plaintiff Gary Jackson**

By:_____
      Gary Jackson

Date:_____

**Opt-in Plaintiff Gerald Holden**

By:_____
      Gerald Holden

Date:_____

**Opt-in Plaintiff Jienns Waymers**

By:_____
      Jienns Waymers

Date:_____

12

The undersigned duly executed this Agreement as of the date indicated below:

**Opt-in Plaintiff Adrian McLemore**

By: _ADRIAN D MCLEMORE_
      Adrian McLemore

Date: 05/14/2025

**Opt-in Plaintiff Anna Gavin**

By: _Anna Gavin_
      Anna Gavin

Date: 05/20/2025

**Opt-in Plaintiff Arthur Wesley**

By: _awJW_
      Arthur Wesley

Date: May 31 2025

**Opt-in Plaintiff Duvanne Bailey**

By: _Duvanne Bailey_
      Duvanne Bailey

Date: 05/27/2025

**Opt-in Plaintiff Emmia Dudley**

By: _____
      Emmia Dudley

Date: _____

**Opt-in Plaintiff Gary Jackson**

By: _Gary Jackson_
      Gary Jackson

Date: 5/16/2025

**Opt-in Plaintiff Gerald Holden**

By: _Gerald Holden_
      Gerald Holden

Date: 05152025

**Opt-in Plaintiff Jienns Waymers**

By: _Jienns Waymers_
      Jienns Waymers

Date: 05152025

12

**Opt-in Plaintiff William DesRosier**

By: *William George DesRosier*
 William DesRosier

Date: 05/14/2025

**Opt-in Plaintiff and Juniata Bey**

By: *Juniata Bey*
 Juniata Bey

Date: 05/23/2025

**Defendant Forsage, Inc.**

By: *Savca*

Name: Vadim Savca

Title: President

Date: 05/14/2025

**Defendant Vadim Sauca**

By: *Savca*
 Vadim Sauca

Date: 05/14/2025

13